IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-01907-SKC-CYC

BENJAMIN DOUGLAS RAY,

      Plaintiff,

v.

MARK MCKINLEY, *et al.*,

      Defendants.

---

**ORDER ADOPTING RECOMMENDATION (DKT. 22)
RE: MOTION TO DISMISS (DKT. 13)**

---

Now before the Court is the Recommendation of Magistrate Judge Cyrus Y. Chung. The Recommendation suggests the undersigned grant in part Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2), (3) and (6) or, Alternatively, Motion to Compel Arbitration (MTD) (Dkt. 13) and transfer this case to the Eastern District of Michigan. Dkt. 22, p.1. As explained below, because the Court has satisfied itself that there is no clear error on the face of the record, the Court AFFIRMS and ADOPTS the Recommendation.

## BACKGROUND

This action centers around various claims brought by Plaintiff arising from alleged business dealings gone awry between Plaintiff (or perhaps a limited liability

company (LLC) owned and/or controlled by Plaintiff—Eight Saints LLC) and Defendants, comprised of several Michigan individuals and LLCs. *See, generally,* Dkt. 10. His claims include breach of contract, unjust enrichment, promissory estoppel, violations of state and federal wage statutes, negligence, civil theft, and conversion, among others. *Id.* at ¶¶74-136. Defendants' MTD seeks dismissal of all of Plaintiff's claims. They raise lack of personal jurisdiction, lack of venue, and failure to state a claim upon which relief can be granted. *See, generally,* Dkt. 13. Further, they argue the Court should alternatively order the parties to arbitration. *Id.*

The undersigned referred the MTD to Judge Chung. Dkt. 15. He issued his Recommendation on May 30, 2025. Dkt. 22, p.11. No party filed objections.

### FINDINGS AND ORDERS

The Recommendation advised the parties they had 14 days after service of the Recommendation to serve and file specific written objections to the Recommendation for this Court's consideration, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). As previously noted, no party filed objections. As a result, they have waived *de novo* review of the Recommendations by this Court. *Thomas v. Arn,* 474 U.S. 140, 148-53 (1985).

When no party files objections, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas,* 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or

legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court, therefore, reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

The Recommendation is detailed and thorough and contains no clear error on the face of the record. And it correctly applies the law. In it, Judge Chung recommends this Court transfer this case to the United States District Court for the Eastern District of Michigan. Dkt. 22, pp.3-11. He astutely explains that at least some of Plaintiff's claims arise under an agreement that has a forum selection clause designating Michigan as the required forum. *Id.* at pp.5-10. And he further expounds why Plaintiff's other claims should also be transferred. *Id.* at p.10.

As mentioned, this Court has reviewed the Recommendation and the entire record in this case and finds the Recommendation is well-reasoned and a correct application of the facts and the law to the circumstances presented. Finding "no clear error on the face of the record," this Court AFFIRMS and ADOPTS the Recommendation and GRANTS, in part, the MTD, and TRANSFERS this matter to the United States District Court for the Eastern District of Michigan. The Clerk of Court is ORDERED to transfer this case accordingly.

DATED: August 11, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge