UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN DOUGLAS RAY,<br>Plaintiff,<br><br>v.<br><br>MARK MCKINLEY et al.,<br>Defendants. | Case No. 25-12513<br>Honorable Shalina D. Kumar<br>Magistrate Judge Patricia T. Morris |

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 21); ADOPTING THE REPORT AND RECOMMENDATION (ECF NO. 20); GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 16); DISMISSING PLAINTIFF'S FUND CLAIMS FOR LACK OF STANDING; AND ORDERING PLAINTIFF'S SERVICES CLAIMS TO ARBITRATION**

## I. Introduction

Plaintiff Benjamin Douglas Ray ("Ray") filed this action against defendants Mark McKinley, Claude Brown, Jr., Mark Kochavar, Paystr, LLC, ("Paystr"), Paystation Holdings, LLC, and Prosperous Ventures 360, LLC, in the United States District Court, District of Colorado, which transferred the case to this Court. *See* ECF Nos. 1, 3. Ray subsequently filed a first amended complaint. ECF No. 6. This case was referred to the assigned magistrate judge for all pretrial proceedings under 28 U.S.C. § 636(b)(1). ECF No. 8.

Defendants moved to dismiss Ray's claims for lack of standing and to compel arbitration. ECF No. 16. The magistrate judge issued a Report and Recommendation ("R&R") recommending this Court grant defendants' motion to dismiss, dismiss Ray's Fund Claims for lack of standing, order Ray's Services Claims to arbitration, and dismiss Ray's Services Claims without prejudice. ECF No. 20. Ray filed timely objections to the R&R, and defendants filed a response. ECF Nos. 21, 22.

## II. Factual Background

Ray brings two sets of claims. First, Ray alleges he was hired by defendants to be the Chief Marketing Officer of Paystr and is still owed $286,350 for services rendered ("Services Claims"). ECF No. 6, PageID.14–15. Next, Ray asserts that defendants requested he "take lead and put his name on three new Colorado business entities (the 'STRT Fund' and related LLCs) and [he] facilitated the transfer of $210,000 in investment funds to Prosperous Ventures 360, LLC ("PV360"). *Id.* at PageID.16. He alleges PV360 failed to return the funds "when it became clear there was no actual operating business" ("Fund Claims"). *Id.* He contends this conduct constitutes breach of contract, unjust enrichment, promissory estoppel, civil theft, conversion, negligence, fraud, and

violations of the Colorado Wage Claim Act and the Fair Labor Standards Act. *Id.* at PageID.16.

## III. Analysis

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely based on a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Objections to any part of a magistrate judge's disposition "must be clear

enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id*. When an objection merely reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*,

898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

**B. Discussion**

**i. Objection 1**

The R&R recommends dismissing the Fund Claims because Ray does not have standing to bring them. Specifically, the magistrate judge found that "Ray's allegations provide that the *STRT Fund* – not Ray – might have been injured by an unlawful deprivation of more than $200,000." ECF No. 20, PageID.238 (emphasis in original). However, Ray brought these claims on an *individual* basis, and the STRT Fund is not a party to this case.

Ray objects to the R&R's conclusion that he lacks standing and supports his position by attaching an unsigned "Amended and Restated Limited Partnership Agreement of STRT Fund, LP." ECF No. 21., PageID.271-310. But "[p]arties cannot 'raise at the district court stage new arguments or issues that were not presented' *before* the magistrate judge's final R&R." *Meddaugh v. Gateway Financial Service*, 601 F. Supp.3d 210 (E.D. Mich. May 4, 2022) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Yet even if the Court were to consider the unexecuted

agreement, it does not change the R&R's correct conclusion that Ray does not have standing to bring the Fund Claims on an individual basis.

To have standing to assert a claim, a plaintiff must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Allstate Ins. Co. v. Wayne Cnty.*, 760 F.2d 689, 693 (6th Cir. 1985). Ray argued in his opposition to defendants' motion to dismiss that he sought relief for his own, rather than the partnership's, injuries. ECF No. 18. But the injuries identified in his brief were never pleaded in the amended complaint. Moreover, even if they had been so pleaded, the relief sought in the amended complaint would not redress the contended individual injuries. Ray's first objection must be overruled.

**ii. Objection 2**

In Ray's second objection, he seeks to clarify his use of Artificial Intelligence when drafting his filings. Because this objection does not identify any specific issues with the R&R's analysis, it will be overruled. *See Miller*, 50 F.3d at 380 (explaining that a party that objects to an R&R must point to specific errors).

**iii. Objection 3**

His third objection merely reiterates arguments he has previously raised before the magistrate judge and does not point to any specific issues with the magistrate judge's reasoning. Rather, it appears he simply disagrees with her recommendation to dismiss his case rather than stay it pending arbitration. "Merely expressing disagreement with the conclusion reached by the Magistrate Judge is not sufficient to adequately state an objection." *Smith v. Comm'r of Soc. Sec.*, 2016 WL 4727473, at *2 (E.D. Mich. Sept. 12, 2016) (citing *Peacock v. Comm'r of Soc. Sec.*, 2016 WL 2997429, at *1 (W.D. Mich. May 25, 2016)). Accordingly, this objection is overruled.

**iv. Objection 4**

In his final objection, Ray seeks leave to amend his complaint to clarify the allegations therein. Like Objection 2, this objection does not identify any specific issues with the R&R's analysis and will be overruled. *See Miller*, 50 F.3d at 380. Furthermore, "[a]n objection to the Magistrate Judge's Report and Recommendation is not the proper vehicle to amend the complaint." *Williams v. Mossing*, 2013 WL 1278504, at *2 (E.D. Mich. Mar. 26, 2013) (citing E.D. Mich. LR 15.1); *Rogan v. Tomlinson*, 2021 WL 1105293, at *4 (E.D. Mich. Mar. 23, 2021) ("[The plaintiff] may not seek leave to amend in an objection to a report and recommendation."); *Akers v.*

*Gregory Funding*, 2022 WL 2713546, at *4 (M.D. Tenn. July 12, 2022) ("An objection to an R&R is not a proper avenue to bring a Rule 15 motion for leave to file an amended complaint.").

Because all of Ray's objections will be overruled, the R&R will be adopted as the findings and conclusions of this Court.

## IV. Conclusion

Accordingly, the Court **OVERRULES** Ray's objections (ECF No. 21) and **ADOPTS** the R&R (ECF No. 20). Defendants' motion to dismiss (ECF No. 16) is **GRANTED** and Ray's Fund Claims are **DISMISSED WITHOUT PREJUDICE** for lack of standing. The Court **ORDERS** Ray's Services Claims to arbitration for preliminary questions of arbitrability and for determination of the merits of those claims subject to the agreement. The Court **DISMISSES** the Services Claims **WITHOUT PREJUDICE**. This matter is now closed.

**IT IS SO ORDERED.**

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: September 29, 2026